IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: STEPHEN THOMAS YELVERTON, ) <br> ) <br> Debtor. ) <br> _____ ) <br> ) <br> STEPHEN THOMAS YELVERTON, ) <br> ) <br> Appellant, ) <br> ) <br> v. ) <br> ) <br> DEBORAH MARM and WALTER J. ) <br> MARM, JR., ) <br> ) <br> Appellees. ) <br> _____ ) | Case No. 09-00414- <br> Chapter 7 <br><br><br><br><br><br> Case No. 10-cv-1494 (RLW) |

## MEMORANDUM OPINION AND ORDER AFFIRMING THE JUDGMENT OF THE BANKRUPTCY COURT

This matter is before the Court on appeal from the judgment of the U.S. Bankruptcy Court for the District of Columbia, in which the court below granted a motion for summary judgment and dismissed an adversary proceeding brought by the Appellant, Stephen Thomas Yelverton.

The Court reviews this matter *de novo*. In re Capitol Hill Group, 313 B.R. 344, 348-49 (D.D.C. 2004). In considering the motion for summary judgment, the Court must determine whether there is no genuine issue of material fact and whether the movant is entitled to judgment as a matter of law, viewing all facts and reasonable inferences in the light most favorable to the non-moving party. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

Appellant sought to avoid the transfer of certain North Carolina real estate that had been sold to Appellees his sister, Deborah Marm, and her husband, Walter J. Marm, Jr.[1] Appellant brought claims pursuant to 11 U.S.C. § 548(a)(1)(B) and 11 U.S.C. § 550(a), alleging that the sale of a 200-plus acre tract of land to the Marms was a fraudulent conveyance and therefore subject to avoidance and recovery under the Bankruptcy Code.

To prevail on a claim pursuant to 11 U.S.C. § 548(a)(1)(B), the debtor bears the burden of proving, by a preponderance of the evidence, that: 1) the transfer involved property of debtor; 2) the transfer was made within two years of filing of bankruptcy petition; 3) the debtor did not receive reasonably equivalent value in exchange for transferred property; and 4) debtor was insolvent on date of transfer or became insolvent as result of transfer. See, e.g., In re Treasure Valley Opportunities, Inc., 166 B.R. 701, 703 (Bankr. D. Idaho 1994).

The Bankruptcy Court granted summary judgment against Appellant on two independent grounds. First, the Bankruptcy Court ruled that, based on the undisputed material facts, Appellant could not meet his burden of proving that the challenged transfer of the tract of land involved property of the debtor. This Court agrees.

Appellant concedes that in June and July 2007, prior to the August 2007 transfer to Appellees, there were "a series of transfers of the 289 acres of real estate from him [Appellant] to his wife, Alexandra Senyi de Nagy-Unyom, and then to Carolina Potomac Land Holdings, LLC. . . ." Brief of Appellant at 8, ¶ 12. Appellant raises no cognizable challenge to the legality of those transfers. Thus, immediately prior to the August 2007 transfer of the property to

---

[1] The facts are set forth in detail in the briefs submitted by the parties, and familiarity with those papers is presumed.

Appellees, the sole owner of the property was Carolina Potomac Land Holdings, LLC, an entity organized under Delaware law. Appendix of Appellees, pp. 79, 83. Appellant contends that, because he owned a controlling membership interest in Carolina Potomac Land Holdings, LLC at the time of the transfer, he held an interest in the acreage at the time it was sold to Appellees. According to Delaware law, however, Appellant had no interest in the real property owned by the limited liability company of which he was a member. 6 Del. Code § 18-701 ("A limited liability company interest is personal property. A member has no interest in specific limited liability company property."); see Poore v. Fox Hollow Enterprises, 1994 WL 150872 *2 (Del. Super. 1994) ("[T]he interest of a member in the LLC is analogous to shareholders of a corporation. A member usually contributes personal property and has no interest in specific assets owned by the LLC.") (citing statute); DDR Const. Services, Inc. v. Siemens Industry, Inc., 2011 WL 982049, *24 (S.D.N.Y. Mar. 22, 2011) (citing statute and Poore); In re Miner, 185 B.R. 362, 366-67 (N.D. Fla. 1995) (debtor had no interest in corporate property under Florida law, even though debtor was sole stockholder of corporation, so debtor could not recover alleged fraudulent transfer), aff'd, 83 F.3d 436 (11th Cir. 1996).

Appellant also argues that because his name appeared as a "grantor" on the deed transferring the property to Appellees, summary judgment was inappropriate. As did the Bankruptcy Court below, the Court rejects this argument. Because a party to a real estate transaction cannot grant rights that he does not have, the mere placing of Appellant's name on the deed as a grantor does not change the undisputed fact that Appellant had previously transferred and relinquished his personal interest in the property. See Williams v. Southern Bell Telephone & Telegraph Co., 266 S.E. 2d 700, 702 (N.C. Ct. App. 1980) ("[A] grantor cannot convey to his grantee an estate of greater dignity than the one he has."); Wachovia Bank & Trust

3

Co. v. Miller, 89 S.E. 2d 765, 769 (N.C. 1955); see also, In re JMJ Building Co., 250 B.R. 437, 439-40 (Bankr. M.D. Fla. 2000) (where debtor had previously sold the property to a third party, the belated recording of the deed and mortgage did not change fact that the debtor had previously relinquished its rights at the time of the sale).[2]

Alternatively, the Bankruptcy Court found that, even if Appellant had an interest in the property at the time of the challenged transfer to Appellees, Appellant failed to carry his burden of proving that Appellees paid less than reasonably equivalent value for the property. Again, this Court agrees.

Appellant, who carries the burden of proof, did not present any competent appraisal of the property as of the date of the transfer. Appellees, on the other hand, submitted more than one appraisal of the property, including a Real Estate Valuation Report dated August 20, 2007 that was done in connection with making a loan to Appellees. Appendix of Appellees, pp. 174-176. The August 20, 2007 appraisal placed the value of the property at $652,000, nearly the same as the purchase price of $650,000 paid by Appellees. Appellant has not placed a competing valuation into evidence, and his contrary assertions about the value of land, based on a misreading of Appellee's Deed of Trust and a misreading of the Wayne County parcel data, are without merit.

---

[2] At best, Appellant could seek to recover from Appellees as a subsequent transferee of an alleged fraudulent conveyance of the transfer of the property to his wife. Appellees, however, submitted undisputed evidence that they purchased the property for value, in good faith, and without knowledge of Appellant's insolvency, precluding recovery by Appellant. See 11 U.S.C. § 550(b)(2).

4

## CONCLUSION

For the foregoing reasons, the judgment of the Bankruptcy Court is therefore AFIRMED.

SO ORDERED.

Date: April 5, 2011                                             /s/

                                                                              Robert L. Wilkins
                                                                              United States District Judge